IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM E. FRY, SR. | ) | |
|     Petitioner, | ) | Civil Action No. 08-23 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| RAYMOND SOBINA, et al., | ) | |
|     Respondents. | ) | |
| | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

### II.    REPORT

Petitioner, William E. Fry, Sr., is a Pennsylvania state prisoner currently incarcerated at the State Correctional Institution in Albion, Pennsylvania ("SCI Albion"). Pending before the Court is his Petition for Writ of Habeas Corpus, which he has filed pursuant to 28 U.S.C. § 2254. He contends that he is entitled to habeas relief because officials at SCI Albion have improperly denied his requests for a transfer to Florida to answer probation violation charges there, in violation of the Interstate Agreement on Detainers (hereinafter referred to as the "IAD"). The IAD is a compact among 48 states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States. It is a congressionally sanctioned interstate compact within the meaning of the Compact Clause of the United States Constitution, U.S. Const. Art. I § 10 cl. 3, and thus is a federal law subject to federal construction. New York v. Hill, 528 U.S. 110 (2000) (citations omitted); Johnson v. Williams, 666 F.2d 842, 844 n.1 (3d Cir. 1981) ("[T]he

1

IAD has been held to constitute a law of the United States[.]") (citations omitted). It is codified in Pennsylvania at 42 Pa.C.S. § 9101 *et seq*. and in Florida at Fla. Stat. § 941.45 *et seq*.

### A.    **Relevant Background**

On April 16, 2001, in the case of State of Florida v. William Earl Fry, No. 2001 CF 000332, Fry was convicted of Interference with Custody based on a *nolo contendere* plea. The trial court sentenced him to a three year term of probation.

On June 5, 2001, while Fry was serving his Florida term of probation, he appeared before the Court of Common Pleas of Venango County for his preliminary arraignment on charges of rape by forcible compulsion and related crimes. [See ECF No. 7-1 at pp. 16-19, Ex. 6, Court of Common Pleas Criminal Docket No. 452 of 2001]. On September 25, 2001, Fry entered a guilty plea to the charge of rape. The Court of Common Pleas sentenced him on March 12, 2002, to a term of 5-20 years' imprisonment. Since that time, he has remained in the custody of the Pennsylvania Department of Corrections (the "DOC").

In the meantime, on the date of his arraignment in the Court of Common Pleas, an Affidavit for Violation of Probation was filed in Fry's Florida criminal case. It it has been lodged against Fry's current Pennsylvania sentence as a detainer for violation of probation.[1] [See ECF No. 7-1 at p. 32, Ex. 7, Circuit and County Court Criminal Docket, Lake County, FL; ECF No. 7-1 at p. 3, Ex. 1, DOC Sentence Status Summary].

---

[1]    Although Fry references two different Lake County cases in his petition –No. 2001 CF 000332 and No. 2002 CF 002938 – there is no record of case No. 2002 CF 002938. [See ECF No. 7-1, Ex. 8, Circuit and County Court Criminal Docket Lake County FL (Search Screens)]. Furthermore, DOC records only reflect a detainer based on case No. 2001 CF 000332. [See ECF No. 7-1 at p. 3, Ex. 1, Sentence Status Summary].

2

According to Fry, on or about October 4, 2007, while serving his present sentence in Pennsylvania, he sought to be transferred to Florida pursuant to the IAD in order to answer the detainer issued in Lake County. He was informed by SCI Albion officials that his request was denied because "the I.A.D. did not apply to [his] Florida case[.]" [ECF No. 5 at p. 5].

In the instant federal habeas petition, Fry claims that SCI Albion officials have kept him in DOC custody in violation of his IAD and that therefore he is being held in violation of federal law.[2] In their Answer [ECF No. 7], Respondents counter that the petition must be denied because the IAD does not apply to Fry in his present circumstance.

### B.  Discussion[3]

The IAD establishes procedures for member states to effect the expeditious and orderly disposition of out-of-state criminal charges pending against persons incarcerated in state institutions. In relevant part, it provides for the delivery of temporary custody of a prisoner to the receiving state for trial prior to the completion of a prisoner's sentence in the sending state. And, it seeks to minimize the consequent interruption of the prisoner's ongoing prison term and prevent prosecutorial abuses of the detainer that potentially allow a prisoner to languish in a separate jurisdiction under the constant but uncertain threat of further prosecution. IAD Art. I; See, e.g., McCandless v. Vaughn, 172 F.3d 255 (3d Cir. 1999); Cooney v. Fulcomer, 886 F.2d 41 (3d Cir. 1989).

---

[2] 28 U.S.C. § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

[3] There is no evidence in the record that Fry exhausted his state-law remedies. However, because his petition plainly has no merit, this Court need not inquire further into that issue and instead may simply review the petition. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

The IAD provides at Article III(a) that:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, *and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner*, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint[.]

(Emphasis added). If the prisoner requests final disposition of those charges, then the receiving state must bring him to trial within 180 days of his request for disposition of the charges or dismissal of those charges will result. IAD Art. III(a)-(d).

Respondents are correct that the IAD does not apply to Fry's circumstance and therefore he is not entitled to habeas relief. As the italicized portion of Article III referenced above reflects, the IAD applies only to cases where "there is pending in any other party state any untried indictment, information or complaint." In Carchman v. Nash, 473 U.S. 716, 726 (1985), the Supreme Court "conclude[d] from the language of the [IAD] that a detainer based on a probation-violation *charge is not a detainer based on 'any untried indictment, information or complaint,' within the meaning of Art. III*." (Emphasis added). In reaching this result, the Supreme Court explained:

> Article III by its terms applies to detainers based on "any untried indictment, information or complaint." The most natural interpretation of the words "indictment," "information," and "complaint" is that they refer to documents charging an individual with having committed a criminal offense. See Fed.Rules Crim.Proc. 3 (complaint) and 7 (indictment and information). This interpretation is reinforced by the adjective "untried," which would seem to refer to matters that can be brought to full trial, and by Art. III's requirement that a prisoner who requests final disposition of the indictment, information, or complaint "shall be brought to trial within 180 days." (Emphasis added.)

4

Carchman, 473 U.S. at 724-25. The Supreme Court thus held that "[t]he language of the Agreement therefore makes clear that the phrase 'untried indictment, information or complaint' in Art. III refers to criminal charges pending against a prisoner." Id. Accordingly, the Supreme Court determined:

> *[a] probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, thus does not come within the terms of Art. III.* Although the probation-violation charge might be based on the commission of a criminal offense, it does not result in the probationer's being "prosecuted" or "brought to trial" for that offense. Indeed, in the context of the Agreement [the IAD], the probation-violation charge generally will be based on the criminal offense for which the probationer already was tried and convicted and is serving his sentence in the sending State.
>
> Nor, of course, will the probationer be "prosecuted" or "brought to trial" on the criminal offense for which he initially was sentenced to probation, since he already will have been tried and convicted for that offense. Instead, the probation-violation charge results in a probation-revocation hearing, a proceeding to determine whether the conditions of probation should be modified or the probationer should be resentenced, at which the probationer is entitled to less than the full panoply of due process rights accorded a defendant at a criminal trial. See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Cf. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (parole revocation hearing).

Id. at 725-26 (emphasis added).

Because the detainer lodged against Fry is based on a violation of his probation, he is not entitled to a transfer under the IAD. Carchman, 473 U.S. at 724-25. Therefore, SCI Albion officials did not violate the IAD when they denied his request for one.

### C. **Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits,

5

"the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]" Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Applying that standard here, jurists of reason would not find it debatable whether the petition should be denied. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: November 22, 2010

cc: The Honorable Sean J. McLaughlin
United States District Judge